THE BOARD OF SUPERVISORS OF CHAMPAIGN COUNTY

*v.*

THE TOWNS OF CONDIT AND NEWCOMB.

*Filed at Springfield March 23, 1887.*

1. BRIDGES—COUNTY AID—*right of a town to county aid, as depending on levy of tax by the former.* The right of a town, under section 19 of the Road and Bridge act of 1883, (Rev. Stat. chap. 121, sec. 19,) to an appropriation from the county treasury of one-half of the cost of a bridge, where its cost is more than twenty cents on the one hundred dollars of the latest assessment roll, and such town has levied a road and bridge tax for the amount of sixty cents on each one hundred dollars, directed by law to be raised, will not be defeated by the fact that such town may have adopted the labor system, provided it has levied road and bridge taxes in all amounting to not less than sixty cents on each one hundred dollars' valuation of taxable property.

2. SAME—*of the proof required—notice—presumption.* A county board will not be justified in refusing an application, on behalf of a town, for aid in the construction of a bridge, for the want of formal proof of the facts alleged in the petition. The destruction of a former bridge, and the necessity of rebuilding the same without delay, being matters of public notoriety, notice thereof to the county board will be presumed, without proof.

3. So when the commissioners of highways present their petition for county aid in rebuilding a bridge, to the county board, showing the destruction of the bridge and the public necessity for replacing it without delay, and the letting of a contract, according to law, for the building of a new one, and file affidavits and estimates of its cost, as required by section 19 of the

Road and Bridge act, this will make out a *prima facie* case entitling them to the relief sought. If the county board have any doubts as to the truth of any of the allegations of the petition, they should investigate the matter. As to the levy of the necessary taxes by the town, they should inspect the public records.

4. MANDAMUS—*of the proof allowed.* On the hearing of a proceeding by *mandamus* to compel a county board to aid a town in building a bridge, the petitioners will not be restricted to the evidence adduced by them before the county board, but they may support their petition by any proper evidence.

5. ERROR WILL NOT ALWAYS REVERSE. In a proceeding by *mandamus* to compel a county board to appropriate a sum in aid of towns in rebuilding a bridge, a judgment granting the relief sought will not be reversed for errors in the rulings of the trial court, when the admitted facts clearly justify the judgment.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

Mr. FRANCIS M. WRIGHT, and Mr. J. W. SIMS, for the appellant:

When the duty to be performed depends upon the judgment or opinion of the person by whom it is to be discharged, this writ will not lie. *St. Clair County* v. *People,* 85 Ill. 396; *School Inspector* v. *Grove,* 20 id. 526; *People* v. *Hilliard,* 29 id. 413; *City of Ottawa* v. *People,* 48 id. 233.

The writ lies to subordinate tribunals to compel them to act when it is their duty to act, but never to require them to decide a particular way. *People* v. *Dental Examiners,* 110 Ill. 180; *People* v. *Troy,* 78 N. Y. 33; *People* v. *McCormick,* 106 Ill. 184.

The levy of a road tax under section 83 of the Road law, is not a compliance with section 19 of the act. They provide for separate and distinct taxes. *Suppiger* v. *People,* 9 Bradw. 290; *People* v. *Suppiger,* 103 Ill. 434.

The town must raise its half of the cost before asking aid, and the county board may investigate whether it has. *Supervisors* v. *People,* 12 Bradw. 210; 110 Ill. 577.

Upon the point that the town must first provide for one-half of the necessary expenses of the bridge, see *Supervisors* v. *People*, 16 Bradw. 305. And upon the point of the power of the commissioners to incur the debt without a vote of the people, see *Highway Comrs.* v. *Hamilton*, 15 Bradw. 412; *Town of Harwood* v. *Hamilton*, 13 id. 358; *Prince* v. *City of Quincy*, 105 id. 138, 215.

Mr. J. L. RAY, and Mr. J. B. MANN, for the appellees:

The law, (sec. 19,) in case of an emergency, authorizes the commissioners to build the bridge before the meeting of the county board, and afterward apply for aid.

A road tax payable in labor is as much a road tax as if payable in money; and in this case the town has levied the requisite tax.

The relators have shown every fact necessary to entitle them to the writ.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

The commissioners of highways of the towns of Condit and Newcomb, acting in concert, presented two petitions, made out in their respective names and relating to their respective towns, but in all other respects alike, to the board of supervisors of Champaign county, at their regular annual meeting in September, 1885, praying the board to make an appropriation out of the county treasury, of $2750, for the purpose of defraying one-half of the estimated cost of rebuilding a bridge over the Sangamon river, where the same is crossed by a public highway running north and south on the township line dividing the two towns. The board of supervisors denied the petition, and refused to make the appropriation prayed, whereupon the two towns commenced an action of *mandamus* in the circuit court of Champaign county, against the county board, to compel it to make the appropriation in question. The cause, by consent of parties, was heard before the court

without a jury, resulting in a judgment and order awarding the writ as prayed, which having been affirmed by the Appellate Court for the Third District, the board of supervisors appealed to this court.

The whole proceeding, from its inception with the commissioners of highways of the two towns, is based chiefly upon the 19th section of chapter 121 of the Revised Statutes, entitled "Roads and Bridges," which is as follows: "When it is necessary to construct or repair any bridge over a stream * * * on a public road in any town, or on or near to or across a town line, in which work the town is wholly or in part responsible, and the cost of which will be more than twenty cents on the one hundred dollars on the latest assessment roll, and the levy of the road and bridge tax for that year in said town was for the full amount of sixty cents on each one hundred dollars allowed by law for the commissioners to raise, the major part of which is needed for the ordinary repair of roads and bridges, the commissioners may petition the county board for aid; and if the foregoing facts shall appear, the county board shall appropriate from the county treasury a sum sufficient to meet one-half the expenses of the said bridge, * * * on condition that the town asking aid shall furnish the other half of the required amount: * * * *Provided, however,* that before any bridge, * * * contemplated as above, shall be constructed or repaired under the provisions of this section, the commissioners shall make a careful estimate of the probable cost of the same, and attach thereto their affidavits that the same is necessary, and will not be more expensive than is needed for the purpose desired, and such estimate and affidavit shall be filed with the petition: *Provided,* in case of some emergency arising from the sudden destruction or serious damage to a bridge, * * * when delay in * * * rebuilding would be detrimental to the public interest, such petition to the county board may be presented during the progress of the work or after its completion, and

if the facts appear as contemplated by this section, then the county board shall appropriate one-half of such cost, with like conditions that the town pay the other half."

We do not deem it necessary to set out *in extenso* the petition or petitions presented to the board of supervisors, and embodied in the petition for the *mandamus.* It is sufficient to state, that the averments therein, in our judgment, clearly brought the case, as to both towns, within all the provisions of the section of the statute above cited, including both provisos.

As the Appellate Court has affirmed the judgment of the trial court, it must have found that the judgment was warranted by the facts, and also that the rulings upon the propositions of law submitted were either correct, or that the errors, if any intervened, were not of so serious a character as to require a reversal. So far there can be no question.

We do not deem it necessary, or, indeed, proper, to consider in detail, as counsel have seen fit to do, the rulings of the trial court upon the various legal propositions submitted to it. The several provisions of the statute referred to, and by which the case is to be governed, when taken in connection with the undisputed facts as they appear of record, in our judgment afford a complete answer to every objection urged against the rulings of the trial court which are of sufficient importance to require any serious consideration. But even conceding some of the rulings to have been erroneous, we would not, upon the admitted facts, be warranted in reversing for that reason.

The chief difficulty in this case grows out of the fact that the town of Newcomb has adopted the labor system of taxation for the purpose of maintaining its roads, as provided for in the 80th section of the act in question, whereby such of the tax-payers as desire, may pay the road tax in labor; but they are not bound to do so. This tax is levied and assessed as a separate tax against the property of the tax-payers, and if not paid in labor, its payment in money is enforced, like

20—120 ILL.

any other tax, as will be seen by reference to sections from 83 to 123, inclusive. Under the 83d section, the town of Newcomb levied a tax of twenty-five cents on each one hundred dollars' worth of taxable property, the maximum limit being forty cents on the hundred. It also levied a tax of forty cents on the hundred, under section 13 of the same act, for bridge purposes, and for the payment of any outstanding orders drawn by the highway commissioners on the treasurer. The aggregate amount of these two levies and assessments, it will be perceived, is sixty-five cents on the one hundred dollars. Now, if this town had not adopted the labor system, these two taxes could only have been levied and assessed under the 13th section just referred to, and could not have exceeded sixty cents on the one hundred dollars. That section is as follows: "At the meeting immediately preceding the annual meeting of the county board, the commissioners shall determine what per cent of tax shall be levied on the property of the town for road and bridge purposes, and for the payment of any outstanding orders drawn by them on their treasurer, which levy shall not exceed sixty cents on each one hundred dollars."

Now, it is contended by appellants, that because the town of Newcomb did not levy the full sixty cents on the one hundred dollars, under this section, it is not entitled to the benefits of the 19th section, although, including its road tax, which had to be levied separately, under section 83, the town has levied altogether more than sixty cents on the one hundred dollars for the very purposes specified in said 13th section, the only difference being that the road tax is separated from the tax for bridge purposes, and for the payment of the commissioners' outstanding orders on the treasurer. The construction contended for would manifestly operate unjustly and oppressively upon towns which have adopted the labor system, in seeking aid from the county in the construction of bridges, as contemplated by the 19th section of the act in

question.   In determining whether they were entitled to aid, they would in no case get any credit for the road tax.   This case fully illustrates the principle.   Here, the town of Newcomb, although it has levied, under two sections of the statute, a tax of sixty-five cents on the one hundred dollars, for certain specified purposes, under the construction contended for is entitled to no relief at all, whereas, if it had not adopted the labor system, a total tax of sixty cents for the very same purposes, levied under section 13, would clearly have entitled it to relief.   We can not give our sanction to such discrimination between towns as that would be.

It is further objected, that the board of supervisors properly refused to make the appropriation because there was no formal proof made of the facts in the petition.   This objection is not tenable.   The petition showed that the former bridge had been swept away and destroyed by a flood some two months before that time, and the urgent necessity of having it replaced without delay.   These facts were matters of public notoriety, of which the board could not have been ignorant.   The petition also showed that the new bridge had been let out to contract, in the manner provided by law, and the same was accompanied with the affidavits and estimates of the cost of the work, as provided by section 19.   The matter thus presented by the towns, through their commissioners, acting as public officers, made out a *prima facie* case.   If the supervisors had any doubts as to the truth of any of the allegations in the petition, they should have investigated the matter.   So far as the tax levies of the two towns are concerned, they were all matters of record, which, with ordinary care and diligence on the part of the supervisors, might easily have been verified by the records themselves.

It is apparent, from the record before us, that this whole controversy has resulted from the fact that the supervisors, in looking up the tax levies, overlooked the road tax of twenty-five cents on the one hundred dollars, levied by the town of

Newcomb. When that fact was brought to their knowledge, as it was on the trial, they should have put an end to the *mandamus* proceeding by signifying their willingness to make the appropriation, as they had a right to do.

It is further objected, that the court erred in receiving any evidence in support of the petition in this case which was not offered before the board. of supervisors. The objection is without force, and is unsupported by authority. In short, there is, in our opinion, nothing substantial in the defence, and still less to commend it to favor.

The judgment will be affirmed.

*Judgment affirmed.*